# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER MAY, II,** | : | **CIVIL ACTION NO. 1:06-CV-1268** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **ELOISE MAGEE, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Presently before the court is a *pro se* complaint filed by Walter May, II ("May"). (Doc. 1). He seeks to proceed *in forma pauperis*. (Docs. 3, 7). For the reasons that follow, the complaint will be dismissed, in part, pursuant to 28 U.S.C. § 1915(e).

**I.    Standard of Review**

Under 28 U.S.C. §1915(e) the court is charged with screening *in forma pauperis* actions. Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii). The applicable standard of review is the same as the standard for a 12(b)(6) motion. Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir.2002). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend. Id. at 106.

## II. Factual Background

May, an inmate incarcerated at the State Correctional Institution at Camp Hill, alleges that defendant Magee is denying him his medically prescribed high calorie diet and is serving him food that is inconsistent with his dietary sensitivity to seafood and lactose in violation of his Eighth Amendment rights. (Doc. 1, pp. 4, 7, 16, 18, 20, 22). May alleges that he has been forced to obtain food from other inmates to maintain an acceptable body weight; if his weight drops, he will suffer fatigue, joint and back pain, kidney pain, headaches and dizzy spells. (Doc. 1, p. 8).

He also alleges that defendants Taggart, Kelchner, and Burkes were made aware of his plight through the grievance system and that their denial of his grievance violated his due process rights. (Doc. 1, pp. 5-6).

## III. Discussion

In order to prevail on a § 1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F.Supp.2d 361, 372 (M.D.Pa. 2001).

To demonstrate a prima facie case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that defendants acted "with deliberate indifference to his or her serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d

Cir. 1993).  There are two components to this standard: First, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious.  Additionally, the plaintiff must make a "subjective" showing that defendant acted with "a sufficiently culpable state of mind."  Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir.2002).[1]

This test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.  Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'" Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D. Pa) aff'd, 103 F.3d 691 (1996) (citing Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754,762 (3d Cir. 1979), quoting Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977)).

The allegations that defendant Magee is denying May a medically prescribed diet are sufficient, at this initial stage of the proceedings,  to allow the claim against Magee to proceed.

---

[1]The "deliberate indifference to serious medical needs" standard is obviously met when pain is intentionally inflicted on a prisoner, where the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an  intentional refusal to provide that care.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 109 (1990); Monmouth County Correctional Inst. Inmates v. Lensario, 834 F.2d 326, 346 (3d Cir. 1987).

With respect to May's claims against the defendants who reviewed his grievance, there is no constitutional right to a grievance procedure.  See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U. S. 119, 137- 38 (1977); Wilson v. Horn, 971 F. Supp. 943, 947 ( E. D. Pa. 1997).  While prisoners do have a constitutional right to seek redress of their grievance from the government, that right is the right of access to the courts and such a right is not compromised by the failure of the prison to address an inmate's grievance.  See Booth v. King, 346 F. Supp. 2d 751, 761 ( E. D. Pa. 2004).  May's dissatisfaction with the decisions of Taggart, Kelchner, and Burkes to deny his grievance does not rise to the level of a constitutional violation.  See Alexander v. Gennarini, 144 Fed. Appx. 924 (3d Cir. 2005) (finding allegations asserting involvement in the post-incident grievance process insufficient to state a claim).  Hence, May's due process claim will be dismissed.

An appropriate order will issue.

    /s/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:       July 21, 2006

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER MAY, II,** | : | **CIVIL ACTION NO. 1:06-CV-1268** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **ELOISE MAGEE, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 21st day of July, 2006, upon consideration of the complaint (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's motions to proceed *in forma pauperis* (Docs. 3, 7) are construed as motions to proceed without full prepayment of fees and costs and are GRANTED.

2. The due process claim is DISMISSED for failure to state a claim on which relief may be granted. See 28 U.S.C. §1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to TERMINATE defendants Taggart, Kelchner and Burkes.

4. The Clerk of Court is further directed to forward a copy of this Memorandum and Order and the complaint (Doc. 1) to the United States Marshal's Service for service upon defendant Magee.

　　　　　　　　　　　　　　　　　　　　/s/ Christopher C. Conner
　　　　　　　　　　　　　　　　　　　CHRISTOPHER C. CONNER
　　　　　　　　　　　　　　　　　　　United States District Judge